IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 04-10028-T |
| ) | |
| GARY LEE DELANEY, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT
AND
ORDER DENYING MOTION FOR PRODUCTION OF TRANSCRIPTS
AND FEE/COST WAIVER

On January 13, 2005, defendant Gary Lee Delaney was found guilty by a jury of possessing a firearm after having been convicted of a felony. Defendant was sentenced on April 8, 2005 to 240 months imprisonment, to be followed by five years of supervised release. Judgment was entered on April 15, 2005. A notice of appeal was filed on April 13, 2005, and the appeal is currently pending before the United States Court of Appeals for the Sixth Circuit. United States v. Delaney, No. 05-5687 (docketed May 12, 2005). On August 15, 2005, the defendant, acting *pro se*, filed a "Motion for Production of Transcripts and Fee/Cost Waiver" along with a motion to proceed *in forma pauperis* and an inmate trust fund account statement. The defendant is presently represented by appointed counsel in this criminal matter and there are no other proceedings pending at this time. Therefore, the motion to proceed *in forma pauperis* is DENIED as moot.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on  8-17-05



In his motion for production of transcripts, the defendant asks that he be provided with transcripts of his trial and sentencing hearing at government expense. Defendant states that he seeks to present a habeas corpus claim[1] of ineffective assistance of counsel.

If an indigent criminal defendant seeks a free transcript to use in preparing a motion under 28 U.S.C. § 2255, he may obtain one only "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f). In order for the Court to decide if the suit is not frivolous, a defendant must make a particularized showing of need for the transcript to justify providing the transcript at government expense. United States v. MacCollom, 426 U.S. 317, 326 (1976).

Although the Court has the authority to order transcripts provided at government expense under § 753(f), federal prisoners are not entitled to such transcripts for the purpose of preparing a motion under § 2255 if there is no § 2255 motion pending. Corrigan v. Thoms, 55 Fed. Appx. 754, 756 (6th Cir. Feb. 12, 2003); United States v. Lewis, 605 F.2d 379, 380 (8th Cir. 1979). Furthermore, the government need not finance a defendant's "fishing expedition" to search for post-conviction claims. Corrigan, 55 Fed. Appx. at 756; United States v. Wilson, 49 Fed. Appx. 612, 613 (6th Cir. Nov. 1, 2002); see also Campbell v. United States, 538 F.2d 692, 693 (5th Cir. 1976) ("A federal prisoner is not entitled to obtain copies of Court records at the Government's expense to search for possible defects merely because he is indigent."); Bentley v. United States, 431 F.2d 250, 252 (6th Cir. 1970) (defendant not entitled to free transcript to search for grounds to file a motion under § 2255).

---

[1] Prisoners challenging a federal conviction and/or sentence generally must file a motion under 28 U.S.C. § 2255 rather than a petition for writ of habeas corpus.

2

> "If the Court is not given the benefit of some definite allegation as to the nature of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith."

Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964) (quoting United States v. Lawler, 172 F. Supp. 602, 605 (S.D. Tex. 1959)). See also United States v. Fleming, No. 98-5246, 1999 WL 107956, *2 (6th Cir. Feb. 9, 1999). Conclusory allegations of ineffective assistance of counsel such as those asserted in defendant's motion for production of transcripts ordinarily are insufficient to justify a free transcript. MacCollom, 426 U.S. at 327.

In addition, in Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998), the Sixth Circuit adopted the rule "that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." Therefore, if the defendant were to file a § 2255 motion before the conclusion of his direct appeal, it would be dismissed without prejudice as premature.

For these reasons, the defendant's motion for production of transcripts is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

16 August 2005
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 75 in case 1:04-CR-10028 was distributed by fax, mail, or direct printing on August 17, 2005 to the parties listed.

---

Gary Lee Delaney
West Tennessee Detention Facility
#10127-07
6299 Finde Naifeh Jr. Dr.
P.O. Box 509
Mason, TN 38049

James W. Powell
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT